IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:10-CR-174-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| JULIOUS JEROME BULLOCK, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives, and defendant the testimony of the proposed third-party custodians, defendant's mother and father. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was indicted on 2 June 2010 for the offense of possession of a firearm (*i.e.*, a .38 caliber revolver) by a felon on or about 17 February 2010 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from defendant's robbery of a person in an apartment and another person outside the apartment on the offense date using a handgun. The handgun discharged while defendant was struggling with the occupant of the

apartment and defendant pointed it at the person outside the apartment in effectuating the robbery of him. Defendant had been driven to the scene of the robbery by an accomplice.

Nine days after the robberies, the accomplice was arrested during a traffic stop and defendant, who had been riding in the car, fled on foot. A .38 caliber revolver matching the description of the handgun defendant used in the robberies was found where defendant had walked. Defendant's fingerprint was later found on the revolver.

Defendant was arrested in early March 2010. He gave a video-taped confession. Both robbery victims identified him. In addition, a video camera in the area of the apartment shows the car with defendant arriving and, through the apartment window, the flash of the muzzle on the handgun when it was discharged.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun- and robbery-related nature of the offense charged; the circumstances of the offense charged, including its recency, defendant's possession of the firearm in connection with two robberies, the discharge of the firearm while defendant possessed it, and defendant's commission of the offense fifteen days after completion of a sentence of just over a year for multiple felony robbery convictions; defendant's criminal record, including three felony robbery convictions, three misdemeanor convictions, commission of three offenses while on probation, and prison infractions for escape, lock tampering, disobeying orders, and other misconduct; a history of substance abuse; the substantial sentence defendant faces if convicted; the unsuitability of the proposed third-party custodial arrangement due to the high degree of flight risk and risk of danger presented by defendant, his mother's insistence that he did not commit the robberies related to the

2

instant offense notwithstanding her having heard the testimony about the evidence against him, her denial of other portions of defendant's criminal record, defendant's father's unfamiliarity with defendant's criminal record, and the absence of both proposed custodians from the home for substantial portions of each weekday for purposes of work; and, as indicated, the other findings and reasons stated in open court.

The court considered information offered as mitigating, but finds that the factors favoring detention outweigh such information. For example, although the agent testifying was not the case agent, the law permitted him to testify as to information he gleaned from reports, as he did. The court has given due account to the source of the agent's testimony. Notably, defendant offered essentially no evidence rebutting the agent's testimony. In addition, although defendant has schooling beyond high school and would have a job available to him if released, the record does not show that these facts would offset the risk of flight and danger otherwise presented by defendant, which cannot reasonably be addressed by any conditions the court could impose. The court notes that it has not considered the March 2010 pending charges against because they appear to have accrued while defendant was in prison and may not relate to him.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 21st day of June 2010.

                                                  James E. Gates
                                                  United States Magistrate Judge