IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-174-BO
No. 5:15-CV-3-BO

| | |
|---|---|
| JULIOUS JEROME BULLOCK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

This matter is before the Court on petitioner's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255. The government has moved to dismiss the petition

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Petitioner has responded to

the motion to dismiss and it is ripe for ruling. For the reasons discussed below, the motion to

dismiss is granted.

## BACKGROUND

On November 30, 2010, Petitioner was sentenced to a term of 120 months' imprisonment

after pleading guilty to one count of being a felon in possession of a firearm in violation of 18

U.S.C. §§ 922(g)(1) and 924.[1] After sentenced was imposed, petitioner filed a timely notice of

appeal. By opinion entered August 16, 2011, the court of appeals affirmed the sentence and

judgment. Petitioner filed the instant § 2255 motion on January 26, 2015. Petitioner contends

that he is actually innocent of the 18 U.S.C. § 922(g) offense and that petitioner's trial counsel

---

[1] Petitioner did not enter his guilty plea pursuant to a plea agreement with the government.

was constitutionally ineffective for failing to investigate the applicability of 18 U.S.C. § 922(g). The government seeks dismissal of the § 2255 petition as untimely.

## DISCUSSION

A petitioner may file a motion under § 2255 within one year of the date on which his conviction became final. 28 U.S.C. § 2255(f)(1). If a petitioner files an unsuccessful direct appeal, the one-year period begins to run when the time expires for filing a petition for writ of certiorari in the Supreme Court. *Clay v. United States*, 537 U.S. 522, 525 (2003). The time for filing a petition for writ of certiorari is generally 69 days from the entry of the appellate court mandate or 90 days from the date of entry of judgment. *See Id.*; Sup. Ct. R. 13(1).

Petitioner did not file a petition for certiorari in the Supreme Court, and thus his conviction became final on November 16, 2011 – ninety days from the entry of judgment in the court of appeals. Petitioner did not file his § 2255 motion until January 5, 2015, more than three years after the date on which his conviction became final. His motion to vacate is therefore untimely under 28 U.S.C. § 2255(f)(1).

Petitioner does not contend that he satisfies any of the remaining limitations provisions in 28 U.S.C. § 2255(f), but rather contends that his actual innocence allows him to overcome the limitations period. "In an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In a non-capital setting, however, "to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, *i.e.,* that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." *United States v. Mikalajunas*,

2

186 F.3d 490, 494 (4th Cir. 1999); *see also United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir. 2010).

Petitioner has not alleged that he is factually innocent of possessing a firearm while being a prohibited person, and challenges only the legal basis upon which he was convicted. Moreover, the indictment in this matter alleged facts consistent with 18 U.S.C. § 922(g)(1), and does not charge a "non-existent offense." *Compare United States v. Moye*, 454 F.3d 390, 395 (4th Cir. 2006) (reciting elements of 18 U.S.C. § 922(g)(1)) *with* [DE 1] (indictment charging petitioner with violating 18 U.S.C. § 922(g)(1)). Further petitioner's § 2255 motion appears to be based on a reading of 18 U.S.C. § 922(i), relating to stolen firearms and ammunition, though petitioner was only charged with being a felon in possession in violation of § 922(g)(1).

Accordingly, petitioner's motion to vacate is untimely and petitioner has failed to demonstrate any basis upon which to overcome the limitations period. *See e.g. Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling of limitations period available where petitioner demonstrates he has been pursuing his rights diligently and some extraordinary circumstance prevented him from timely filing his petition). The government's motion to dismiss is therefore granted.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not

3

find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, the government's motion to dismiss [DE 43] is GRANTED and petitioner's motion to vacate, set aside, or correct sentence [DE 35 & 40] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this **7** day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

Case 5:10-cr-00174-BO   Document 49   Filed 05/11/15   Page 4 of 4