IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-174-BO
No. 5:16-CV-588-BO

| | | |
|---|---|---|
| JULIOUS JEROME BULLOCK, | ) | |
| Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has responded in opposition to the motion, and the matter is ripe for review. For the reasons that follow, petitioner's § 2255 motion is denied.

## BACKGROUND

Petitioner is currently serving a 120 month sentence after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924. [DE 27]. Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 on June 27, 2016, and received authorization from the court of appeals to file a second or successive § 2255 petition the same day. [DE 55 & 56]. In his § 2255 motion, filed by counsel,[1] petitioner argues that his base offense level under the United States Sentencing Guidelines is improper due to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which struck the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). This action was stayed on the government's motion awaiting a

---

[1] Counsel for petitioner was permitted to withdraw as counsel of record following the decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). Petitioner indicated that he intended to proceed with his § 2255 motion *pro se*. [DE 66, 67].

decision in *Beckles v. United States*, which was decided by the United States Supreme Court on March 6, 2017. 137 S. Ct. 886 (2017). The stay in this matter was subsequently lifted, and the government opposed the relief sought in the § 2255 motion. [DE 69]. On October 17, 2017, petitioner filed a document entitled "Motion to Vacate," asking the Court to grant his prior motion to vacate due to the government's failure to file a timely response. [DE 73].

## DISCUSSION

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), provides for enhanced punishments for those offenders who have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). A violent felony is defined by the statute as any crime punishable by more than one year imprisonment that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court addressed the constitutionality of the residual clause of ACCA's violent felony definition, which defines a violent felony to include one which "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. 2557. The Court held that the residual clause is unconstitutionally vague and that to increase a defendant's sentence under that clause denies the defendant due process of law. *Id.* at 2557. In *Welch v. United States*, the Supreme Court held that *Johnson* announced a substantive rule that applies retroactively on collateral review. 136 S. Ct. 1257 (2016).

However, and in contrast to the ACCA, the Supreme Court has held that the United States Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017) ("Because they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge."). Moreover, the

Fourth Circuit Court of Appeals has recognized that a challenge to the application of the sentencing guidelines is generally not cognizable in a § 2255 proceeding. *United States v. Foote*, 784 F.3d 931, 931 (4th Cir. 2015), *cert. denied* 135 S.Ct. 2850 (2015) ("[B]y its terms, § 2255 does not allow for a court's consideration and correction of every alleged sentencing error."). A petitioner seeking relief under § 2255 must make one of four types of arguments:

> [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. If the alleged sentencing error is neither constitutional nor jurisdictional, the district court lacks authority to review it unless it is "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333 (1974).

Petitioner's challenge to the Sentencing Guidelines as being unconstitutionally void is without merit. *Beckles*, 137 S. Ct. 886. Additionally, petitioner does not allege, nor is there any indication in the record, of such a miscarriage of justice that would warrant collateral review of his sentence. Instead, it is axiomatic that "errors of guideline interpretation or application ordinarily fall short of a miscarriage of justice." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999). As to petitioner's filing arguing for relief based on the government's failure to respond, the government has timely responded to petitioner's § 2255 motion, and petitioner's argument is without merit.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating

that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 55 & 73] is DENIED. A certificate of appealability is DENIED. The clerk is DIRECTED to note petitioner's most recent address as reflected in [DE 73].

SO ORDERED, this 16 day of January, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4